Edward A. TILLER, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Aug. 4, 1969.

Petition for Reargument Denied Sept. 4, 1969.

Don M. Kerr, Wilmington, for defendant below, appellant.

Francis A. Reardon, State Prosecutor, and Jerome O. Herlihy, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This appeal questions the authority of the Superior Court to impose a sentence for violation of probation after the probation period expired.

## I.

The chronology of events is important:

On April 7, 1967, the Superior Court imposed upon the appellant, Edward A. Tiller, a sentence of two years' imprisonment for unlawful entry. Execution of the second year of the sentence was suspended, however, and the appellant was placed on probation for that period. On November 23, 1967, the appellant completed the one year imprisonment and was released from custody to commence his one year of probation. On July 3, 1968, he was arrested on a warrant issued at the request of the Probation Officer for violation of probation. Because of the absence of the Probation Officer and other circumstances, the hearing was not held until September 13, 1968, at which time the Court extended the probation period for a period of three months, i. e., to December 12, 1968, or 19 days beyond the expiration date of the one year probation period which had commenced on November 23, 1967. On November 13, 1968, or ten days before the expiration of the original probation period, another warrant

was issued for the arrest of the appellant at the request of the Probation Officer. Apparently, the appellant could not be found immediately; he was arrested on the street on November 26, 1968 by the Probation Officer and a police officer. They told him that he was being apprehended under the outstanding warrant of November 13.[1] A hearing was held on December 3, 1968 at which time the appellant was adjudged guilty of probation violation and was sentenced to serve the second year of the prison sentence originally imposed. The appellant appeals.

## II.

We agree with the appellant's contention that the Superior Court lacked the power to extend the probation period. The controlling Statute is 11 Del.C. § 4335(c) which provides in pertinent part:

"If the violation is established, the court may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

Probation is a statutory creature; its implementation must be in accordance with the powers found within the Statute. Frabizzio v. State, 5 Del.Super. 395, 59 A.2d 452 (1948); 21 Am.Jur.(2d) "Criminal Law" § 563. Unlike the Federal Probation Act (18 U.S.C.A. § 3651),[2] our Statute does not grant the authority to enlarge a period of probation once imposed. Accordingly, we must hold that the Superior Court erred in extending the appellant's probation period.

This ruling does not, however, save the appellant. The warrant of November 13, 1968 was issued about ten days prior to the expiration of the probationary period. This fact, in our opinion, validated the probation violation proceedings and sentence of December 3, 1968, even though they occurred about ten days after the expiration of the probationary period. See generally 21 Am.Jur.(2d) "Criminal Law" § 567; Parkerson v. State, 230 Ark. 118, 321 S.W. 2d 207 (1959).

If the appellant had been arrested and the violation proceedings held prior to the expiration of the probationary period, this attack could not have been made on the validity of the proceedings. Certainly, evasion from arrest until after expiration of the probation period may not become the controlling factor. We hold that the date of the issuance of the arrest warrant was the controlling factor.

The only other test is whether the Court acted within a reasonable time after the issuance of the warrant. We find that it did.

Finally, the appellant contends that there was no showing of probation violation at the hearing of September 13. This contention is irrelevant under our holding.

Affirmed.

## ON MOTION FOR REARGUMENT

Two contentions made by appellant on motion for reargument require further comment:

The appellant argues that the warrant of arrest issued on November 13 was made returnable on November 15; that since the writ was not executed and returned on or before its return date, it was a nullity; that consequently the probation

---

1. The appellant contends that the arrest was not made on the warrant because that document does not show on its face that it was executed. We find this contention untenable.

2. 18 U.S.C.A. § 3651 provides in pertinent part:
   "The court may revoke or modify any condition of probation, or may change the period of probation."

and police officers were without authority to arrest the appellant on November 26. This contention is without merit for two reasons: First, as indicated by Rule 9(c)(2) of the Superior Court Rules of Criminal Procedure, Del.C.Ann.,[1] an unexecuted arrest warrant does not become a nullity. The case of Lofland v. Jefferson, 4 Har. 303 (1845), relied upon by the appellant, dealt with execution process in a civil case and is inapposite. Secondly, our Probation Statute (11 Del.C. § 4335) provides that a probation officer may arrest a probationer without a warrant; and that a "probationer for whose return a warrant cannot be served shall be deemed a fugitive from justice." Accordingly, the arrest on November 26 was valid under either the outstanding warrant or § 4335. The failure of the probation officer to execute or make return of the capias on or before the return date invalidated neither the arrest nor the warrant.

The appellant's second contention is that the probation officer's failure to execute the capias before the expiration of the probation period or to obtain another arrest warrant, amounted to a waiver of the alleged probation violation, citing People v. Cooper, 54 Misc. 2d 42, 280 N.Y.S. 2d 920 (1967). This contention is without merit. The cited case, in which the probationer who continued to reside in the jurisdiction was arrested about two years after expiration of the probation period and about four years after the filing of the information charging probation violation, is distinguishable on its facts.

The motion for reargument is denied.

1. Rule 9(c)(2) provides:
"(2) Return. The officer executing a warrant shall make return thereof to the court. At the request of the Attorney General any unexecuted warrant shall be returned and cancelled. On or before the return day the person to whom a summons was delivered for service shall make return thereof. At the request of the Attorney General made at any time while the indictment or information is pending, a warrant returned unexecuted and not cancelled or a summons returned unserved or a duplicate thereof may be delivered by the prothonotary to the sheriff or other authorized person for execution or service."