**Lisa M. INGRAM, Defendant Below–Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 26, 1989.
Decided: Dec. 18, 1989.
Rehearing Denied Dec. 29, 1989.

Joseph M. Bernstein, Wilmington, for defendant below-appellant.

William N. Nicholas, Deputy Atty. Gen., Dept. of Justice, Dover, for appellee.

Before CHRISTIE, C.J., HORSEY and HOLLAND, JJ.

CHRISTIE, Chief Justice:

The defendant/appellant, Lisa M. Ingram, appeals an order of the Superior Court imposing a sentence on her following a finding that Ingram had violated the terms of a probation previously imposed upon her. The issue raised involves the limitation applicable to sentencing for violation of probation.

The defendant/appellant, Lisa M. Ingram, was convicted of maintaining a dwelling for keeping controlled substances, burglary in the third degree, and conspiracy in the second degree. Ingram was sentenced on March 18, 1987 by the Superior Court on the three charges. On the charge of maintaining a dwelling for keeping controlled substances, the sentencing order provided that Ingram be imprisoned for two years, but the execution of the sentence was to be suspended and defendant was placed on probation for two years beginning June 8, 1987 and ending June 7, 1989.

On March 17, 1989, the Superior Court found Ingram to be in violation of the probation. The Superior Court then revoked the probation and sentenced the defendant to imprisonment for two years. The court ordered that defendant's prison sentence was mandatory and would be served pursuant to 11 *Del.C.* § 4204(k)[1] without her being eligible for furlough, work release, or supervised custody. A motion for correction of sentence was denied by that court.

Defendant's appeal is based on a contention that the Superior Court exceeded its authority under 11 *Del.C.* § 4334(c)[2] in that, upon the revocation of defendant's probation, the court changed defendant's original suspended prison sentence by requiring that the imprisonment be served pursuant to 11 *Del.C.* § 4204(k).

If a violation of probation is established and, if imposition of the sentence was suspended, the court may then impose *any* sentence which might originally have been imposed. 11 *Del.C.* § 4334(c). The implementation of probation must be in accordance with statutory powers, and the statute does not grant the authority to the resentencing court, upon a violation of probation, to enlarge a period of probation once imposed. *Tiller v. State*, Del.Supr. 257 A.2d 385, 387 (1969). It has also been held that under a federal statute a sentencing court may not enlarge a term of imprisonment if the offender had already been sentenced to a definite term of imprisonment in advance of probation. *See Roberts v. United States*, 320 U.S. 264, 272–73, 64 S.Ct. 113, 117–118, 88 L.Ed. 41 (1943).

However, the Delaware statute provides that as a condition to any sentence of imprisonment, the sentencing court may direct that a defendant is not to be furloughed, allowed to participate in work release, or allowed to participate in supervised custody outside of the prison facilities. 11 *Del.C.* § 4204(k). This Court rules that imposing this condition on the reimposition of an original term of imprisonment does not constitute an increase in that term

---

**1.** 11 *Del.C.* § 4204(k) provides:

The court may direct as a condition to any sentence of imprisonment that the Department of Correction shall not permit an offender to be furloughed or be allowed to participate in work release or supervised custody outside the prison institution or facilities.

**2.** 11 *Del.C.* § 4334(c) provides in pertinent part:

If the violation [of probation] is established, the court may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

of imprisonment and does not conflict with the terms of 11 *Del.C.* § 4334(c). *See United States v. Olivares-Martinez,* 5th Cir., 767 F.2d 1135, 1137–38 (1985). In that case, it was held that the district court acted well within its broad discretion and within the confines of 18 U.S.C. § 3653, the federal counterpart to 11 *Del.C.* § 4334(c), when it reinstated defendant's previously probated sentence and ruled that the sentence would be served consecutively, rather than concurrently, to a sentence imposed on a conviction which had caused his probation to be revoked. The court reasoned that since the original sentence was never a concurrent sentence and the defendant sustained no increased incarceration for his original conviction when it was subsequently reinstated consecutive to the sentence on the intervening conviction, there was no violation of the federal statute.

In this case, the terms of the original two-year sentence were not specified at the time of sentencing since the execution of the sentence was suspended for probation. The resentencing court, in its discretion, could therefore reimpose the original sentence under whatever reasonable terms it deemed proper upon a finding that the defendant had violated the terms of her probation. The imposition of a condition to an offender's sentence is not synonymous to the imposition of an additional term of imprisonment. The trial court did not err in resentencing Ingram to the original two-year term subject to the conditions set forth in 11 *Del.C.* § 4204(k).

The judgment of the Superior Court as to the sentence imposed is AFFIRMED.