ANTHONY DIORIO, Defendant Below-Appellant,
v.
STATE OF DELAWARE Plaintiff Below-Appellee.
No. 42, 2009.
Supreme Court of Delaware.
Submitted: May 19, 2009.
Decided: June 16, 2009.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
HENRY DuPont RIDGELY, Justice
This 16th day of June 2009, it appears to the Court that:
(1) Defendant-Appellant Diorio appeals from his Superior Court sentence of two years at Level V incarceration with twenty-three days credit for time served. Diorio contends that the court erred in not considering the entirety of time he served at Level V and insufficiently credited him. We find merit to his argument and remand for a determination of the amount of time Diorio served at Level V.
(2) On December 14, 2007, Diorio was arrested and indicted on several charges, including carjacking. He was held in lieu of bail until March 24, 2008, when he pled guilty to carjacking in the second degree. Diorio was then sentenced as of the date of his arrest, to two years at Level V, suspended after six months for one year at Level IV home confinement or work release, suspended after six months for the balance at Level II probation.
(3) On August 6, 2008, the Superior Court found Diorio in violation of probation and sentenced him to two years at the Violation of Probation Center at Level V, suspended for two years at Level IV supervision, suspended after ninety days for eighteen months at Level III probation.
(4) On December 31, 2008, the Superior Court again found Diorio in violation of probation and sentenced him to two years at Level V, with credit for twenty-three days previously served. It is not clear from the record before this Court what method the Superior Court used to calculate the twenty-three days.
(5) Diorio contends the Superior Court committed plain error in not considering the entire time he served at Level V between December 14, 2007 and December 31, 2008. Diorio did not raise this issue in the Superior Court. "This Court, in the exercise of its appellate authority, will generally decline to review contentions not raised below and not fairly presented to the trial court for decision."[1] "This Court may excuse a waiver, however, if it finds that the trial court committed plain error requiring review in the interests of justice."[2] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[3] "Furthermore, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[4]
(6) When a defendant is found guilty of violating his probation, the Superior Court has broad discretion to revoke probation or reimpose any previously suspended prison term, including Level V incarceration.[5] However, the ensuing sentence is bound by two applicable constraints: the court may not impose a sentence greater than that originally imposed,[6] and it must credit a defendant with all time actually served at Level V when further incarceration at Level V is imposed after a probation violation.[7]
(7) In Stevenson v. State[8] this Court addressed a similar issue and remanded under a plain error standard of review. In that case, the record was unclear as to how much time the defendant had previously served at Level V and whether any portion of the defendant's sentence remained to be served. We concluded that "in the interest of justice," the ambiguity warranted remand to the Superior Court for an accurate determination of the defendant's time served.[9]
(8) Like Stevenson, the instant record is ambiguous as to the number of days Diorio previously served at Level V, and further, the method the court used to calculate the twenty-three days credit is unknown. However, it is apparent from even the limited record on appeal that the time Diorio served at Level V exceeded twenty-three days. He served over three months at Level V between December 14, 2007 and March 24, 2008 while awaiting trial and, apparently, an additional three months at Level V between March 24, 2008 and June 14, 2008 pursuant to his original sentencing. Accordingly, the record indicates that Diorio served at least 180 days at Level V. This disparity warrants remand for re-sentencing with a correct calculation of credit for time served.
NOW, THEREFORE, IT IS ORDERED that this matter is REMANDED to the Superior Court with instructions to determine and credit the defendant with the correct amount of time served at Level V. Jurisdiction is not retained.
NOTES
[1] SUP. CT. R. 8.; Wainwright v. State, 504 A.2d 1096, 1100 (Del. 1986); Jenkins v. State, 305 A.2d 610 (Del. 1973).
[2] Monroe v. State, 652 A.2d 560, 563 (Del. 1995); accord Mathis v. State, 950 A.2d 659 (Del. 2008).
[3] Wainwright, 504 A.2d at 1100; Dutton v. State, 452 A.2d 127, 146 (Del. 1982).
[4] Wainwright, 504 A.2d at 1100; Bromwell v. State, 427 A.2d 884, 893 n.12 (Del. 1981).
[5] Del. C. § 4334(c) ("If the violation [of probation] is established, the court may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."); see also Gamble v. State, 728 A.2d 1171, 1172 (Del. 1999); Brown v. State, 249 A.2d 269, 271 (Del. 1968).
[6] Pavulak v. State, 880 A.2d 1044, 1045-46 (Del. 2005); accord Ingram v. State, 567 A.2d 868, 869 (Del. 1989); Tiller v. State, 257 A.2d 385, 387 (Del. 1969).
[7] Gamble, 728 A.2d at 1172.
[8] 808 A.2d 1205, 2002 WL 31399418 (Del. 2002) (Table).
[9] Id. See also Jackson v. State, 894 A.2d 406 (Del. 2006).