**Robert R. MOODY, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 418,2009.**

Supreme Court of Delaware.

Submitted: Jan. 20, 2010.
Decided: Jan. 29, 2010.

---

Bernard J. O'Donnell, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

Susan Dwyer Riley, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before HOLLAND, BERGER and RIDGELY, Justices.

HOLLAND, Justice.

The plaintiff-appellant, Robert Moody ("Moody"), appeals from a July 16, 2009, judgment of the Superior Court whereby he was resentenced for violations of conditions of probation. Moody contends that his probation period had expired when he engaged in the conduct that violated his "alleged" probation. The record does not support that argument. Therefore, the judgment of the Superior Court must be affirmed.

### Facts and Procedural History

In February, 2006, Moody was found guilty of Possession with Intent to Deliver a Controlled Substance and Possession of Ammunition by a Person Prohibited. On February 2, 2006, he was sentenced to two three-year imprisonment terms, suspended for two concurrent terms of eighteen months probation.

On April 6, 2006, a violation of probation ("VOP") report was filed in Superior Court that alleged Moody had been charged with new felony offenses in Wilmington on April 3, 2006. A Rule 9 warrant was issued for Moody on May 1, 2006, after the New Castle County grand jury indicted Moody

on new charges, including Assault in the First Degree, Possession of a Firearm During the Commission of a Felony, Possession of a Firearm by a Person Prohibited, and Assault in the Second Degree.

Another VOP report was filed on July 18, 2008. It alleged that Moody had been arrested on three occasions in Georgia between June and August 2006. The report stated that Moody had last reported to probation on March 30, 2006. Thus, Moody had absconded and evaded probation authorities for over two years.

After a series of hearings were rescheduled, Moody was found in violation of his probation on October 9, 2008. His probation was revoked and he was resentenced on the VOP to three years at Level V, suspended after one year for eighteen months at Level III probation on the Possession with Intent to Deliver charge; and three years at Level V, suspended for two years at Level IV home confinement, suspended after six months for twelve months at Level III with a hold at Level V until space was available at Level IV on the Possession of a Firearm by a Person Prohibited charge. Moody was discharged from probation on the charge of Possession of a Narcotic Within 300 Feet of a Park.

On April 20, 2009, another VOP was filed against Moody. Moody was found in violation on May 14, 2009, and ordered to continued probation with a hold at Level V. On June 9, 2009, Moody was released from Level V to Level IV home confinement. Moody was tested for drugs shortly

thereafter and found to be positive for marijuana.

On July 8, 2009, Moody was arrested and charged with violating the terms of his probation. Moody did not contest his alleged marijuana use and probation violation at the subsequent hearing. Moody did not raise the issue of whether he was still on probation at the time of the offense at that hearing. For the violation of his probation regarding the Possession with Intent to Deliver a Controlled Substance, Moody was resentenced to two years imprisonment at Level V, effective June 30, 2009, suspended after six months at Level V for eighteen months at Level IV Work Release suspended after six months for the balance of the sentence at Level III probation. Moody was also resentenced for violating his Prohibited Ammunition charge to two years at Level V suspended for eighteen months at Level III concurrent prohibition.

### Plain Error Standard

 Because Moody did not argue before the Superior Court that his probationary period had expired, such a claim has been waived and, on appeal, we review the Superior Court's sentence for plain error.[1] "To obtain a reversal based upon the plain error standard of appellate review, the appellant has the burden of demonstrating that the error complained of is so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[2] Moody contends that his argument meets the "with the interests of justice" exception to Rule 8. Moody's claim will fall within that exception if he has

---

1. Del.Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); *Liket v. State,* 719 A.2d 935, 939 (Del.1998); *Richards v. State,* 865 A.2d 1274,

1280 (Del.2004); *Trump v. State,* 753 A.2d 963, 971 (Del.2000).

2. *Flamer v. State,* 953 A.2d 130, 133 (Del. 2008) (citing *Morgan v. State,* 922 A.2d 395, 402 (Del.2007)).

been erroneously sentenced by the Superior Court.[3]

### Moody's Argument

Moody contends that the original eighteen-month probation period imposed on him in February of 2006 had expired when the Superior Court resentenced him for violations of his probation in July of 2009. According to Moody, the probation periods were concurrent and should have expired "on or about August 1, 2007." Moody concludes that, therefore, when he was resentenced for a violation of his probation on July 16, 2009, for testing positive on a drug screen, his probation had already expired.

### Violation Date Controls

■ Moody's argument would have merit if Moody's original eighteen-month probation from February 2006 had run without incident. The facts of this case demonstrate, however, that Moody violated that original eighteen-month probation period. Moody was charged with new felonies in Delaware only two months after his probation began. He then evaded authorities for over two years after the VOP report was filed in Superior Court. Moody's evasive conduct and failure to report to probation officers is the reason the hearing for violating his original probation of February 2006 did not occur until October 2008.

More than forty years ago, this Court held "evasion from arrest until after expiration of the probation period may not become the controlling factor"[4] in deciding whether a court has jurisdiction to hold a VOP hearing. Though Moody's VOP hearing on the original probation violation did not occur until October 2008, this Court has held that the date of the violation is the controlling factor in a challenge to a VOP hearing conducted after the expiration of an offender's probationary period.[5]

### Violation During Probation

■ On October 9, 2008, Moody was resentenced to one year at Level V, followed by at least six months at Level IV, followed by eighteen months at Level III. Moody began serving his six months at Level IV on June 9, 2009, and was to begin serving eighteen months of probation in December 2009. This began Moody's sentence anew and extended his probation until June 9, 2011.

Moody was arrested for marijuana use and a violation of probation on July 8, 2009. He contends that he was well beyond his *original* period of probation by that date. However, Moody was still within his new probationary period that was established by the October 9, 2008 sentencing order, after he violated his original period of probation.

■ As Moody notes, a probationary term imposed by the Superior Court is not indefinite and cannot be extended indefinitely.[6] Nevertheless, the Superior Court may "require a defendant to serve the sentence initially imposed, or any lesser sentence."[7] The Superior Court properly found Moody guilty of a violation of his new probation period and was authorized to impose a sentence within the balance of the previously suspended sentence.

**3.** *Williamson v. State*, 2009 WL 2959562, at *3 (Del. Sept. 16, 2009).

**4.** *Tiller v. State*, 257 A.2d 385, 387 (Del.1969).

**5.** *Haines v. State*, 2002 WL 243324, at *1 (Del. Feb. 13, 2002).

**6.** *Tiller v. State*, 257 A.2d at 387.

**7.** *State v. Sloman*, 886 A.2d 1257, 1260 (Del. 2005) (citing Del.Code Ann. tit. 11, § 4334(c)).

 

*Conclusion*

The judgment of the Superior Court is affirmed.