IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERNEST LAKE, | § | |
| | § | No. 571, 2013 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Sussex County |
| STATE OF DELAWARE, | § | Cr. ID Nos. 0404003269, |
| | § | 0611008754, 0702021759 |
| Plaintiff Below- | § | 0803023537, 0808020260 |
| Appellee. | § | and 0812001998 |

Submitted: May 2, 2014
Decided: July 9, 2014

Before **STRINE**, Chief Justice, **BERGER**, and **RIDGELY**, Justices.

## **O R D E R**

This 9th day of July 2014, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The defendant-appellant, Ernest Lake, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2)    The record reflects that a Superior Court jury convicted Lake in March 2009 of one count of Criminal Solicitation in the First Degree. On April 3, 2009, the Superior Court sentenced Lake to five years at Level V incarceration (with credit for 118 days previously served), to be suspended after serving four

years in prison for one year at Level III probation.[1]  As a result of this criminal conviction, the Superior Court also found Lake in violation of probationary sentences associated with seven prior convictions.  The Superior Court entered a separate VOP sentencing order on April 3, 2009, which sentenced Lake to a total period of six years and eight months at Level V incarceration, to be suspended after serving four years and ten months in prison for a period of probation.  Lake did not appeal from his VOP sentence.  Since that time, Lake has filed unsuccessful motions seeking modification of his sentence and postconviction relief.[2]

(3)    In May 2013, Lake filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a),[3] raising two arguments.  First, he argued that the Level V portion of the two sentencing orders dated April 3, 2009 were intended to run concurrently; therefore, his release date was October 25, 2013.  Lake also argued that the April 3, 2009 VOP sentencing order was illegal because he had completed his probationary sentences before he was charged with

---

[1] Lake filed a direct appeal from this conviction and sentence but later voluntarily dismissed the appeal.  *See  Lake v. State*, Del. Supr. No. 205, 2009 (voluntarily dismissed on Aug. 18, 2009).

[2] *See, e.g., Lake v. State*, 2010 WL 3463392 (Del. Sept. 3, 2010) (affirming the Superior Court's denial of Lake's first motion for postconviction relief).

[3] Superior Court Criminal Rule 35(a) states, "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

2

his first violation of probation.  The Superior Court denied Lake's motion, finding no legal or factual merit to either claim.  This appeal followed.

(4)   Lake raises five issues in his opening brief on appeal.  First, he contends that he had completed serving the probationary sentences that were originally imposed in 2007 and, thus, could not be charged with violating probation as to those sentences.  Next, he argues that State committed an evidentiary violation and engaged in misconduct at his March 2009 trial.  Third, he contends that the judge was biased against him.  Fourth, he contends that the Superior Court erred in denying his petition for a writ of mandamus.  Finally, he contends that his trial counsel provided ineffective assistance of counsel.

(5)   We find no merit to Lake's appeal.  A motion for correction of sentence is very narrow in scope.[4]  Superior Court Criminal Rule 35(a) permits relief when "the sentence imposed exceeds the statutorily-authorized limits, [or] violates the Double Jeopardy Clause."[5]  A sentence also is illegal if it "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[6]

---

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[5] *Id.* (quoting *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992)).

[6] *Id.* (*quoting United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997)).

(6)     With respect to his 2009 VOP sentence, Lake contends that the sentence is illegal because he had already successfully completed his probation before he was charged with a violation.  His contention, however, is unsupported by the facts.  The record reflects that Lake had been sentenced on five criminal charges on July 20, 2007.  Under the terms of that sentence, which was modified on September 4, 2007, Lake was required to spend four months at Level V, six months at Level IV work release, and one year at Level III probation.  Before the expiration of his probationary term, Lake was arrested in August 2008 for noncompliance with the conditions of his bond, which resulted in a VOP charge being filed against him on September 15, 2008.  Although the VOP hearing was continued pending the outcome of the new criminal charges, it is the date of the VOP charge and not the date of the VOP hearing that determines the Superior Court's jurisdiction to conduct the violation hearing.[7] Under the circumstances, there is simply no merit to Lake's contention that he had successfully completed his 2007 probation before he was charged with his first VOP.

(7)     None of Lake's four remaining issues on appeal were raised in the motion for correction of sentence he filed in the Superior Court.  Thus, in the

---

[7] *Moody v. State*, 988 A.2d 451, 454 (Del. 2010) (holding that the date of the violation is the controlling factor in a challenge to a VOP hearing conducted after the expiration of an offender's probationary period).

4

absence of plain error, this Court will not consider those claims on appeal.[8] We find no plain error. All four of Lake's remaining claims challenge the validity of his convictions. Such claims are not cognizable in a motion for correction of sentence under Superior Court Criminal Rule 35(a).[9] Furthermore, Lake's claims of prosecutorial misconduct and ineffective assistance of counsel were previously rejected by this Court when Lake appealed the Superior Court's denial of his motion for postconviction relief.[10] Also, to the extent that Lake is arguing that the Superior Court erred in denying his petition for a writ of mandamus in a different civil action, Lake filed a notice of appeal from that decision but later voluntarily dismissed his appeal.[11] Accordingly, he has waived any claim of error as to the Superior Court's dismissal of his mandamus petition.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[8] Del. Supr. Ct. R. 8 (2014).

[9] *Brittingham v. State*, 705 A.2d at 508 (holding that a motion under Rule 35(a) may not be used to re-examine errors occurring prior to the imposition of sentence).

[10] *See Lake v. State*, 2010 WL 3463392 (Del. Sept. 3, 2010).

[11] Notice of Voluntary Dismissal, *In re Lake*, No. 572, 2013, (Del. Feb. 10, 2014).