# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                                )

v.                            )      ID Nos.  1205011439
                                )                 1401017608

DERRICK A. HUBBARD,     )
                                )

Defendant.               )

## ORDER

**AND NOW TO WIT**, this 23rd day of August, 2016, upon consideration of the Defendant's Motion for Postconviction Relief,[1] and the record in this case, **IT APPEARS THAT**:

1. On May 14, 2012, Defendant Derrick Hubbard was arrested for multiple counts of Drug Dealing and other related charges in case number 1205011439.[2] On December 11, 2012, Defendant pled guilty to Drug Dealing and was sentenced to 8 years at Level 5, suspended for 18 months at Level 3.[3]

2. On August 27, 2013, Defendant was taken into custody for allegedly violating the terms of his probation.[4] At a November 6, 2013 violation of probation ("VOP") hearing, Defendant was found not in violation.[5] Defendant was

---

[1] ID No. 1205011439 ("Case 1"), D.I. 35; ID No. 1401017608 ("Case 2"), D.I. 20.
[2] Case 1, D.I. 1.
[3] Case 1, D.I. 11.
[4] Case 1, D.I. 17.
[5] Case 1, D.I. 19.

continued on his previously imposed probation, but his sentence was modified to credit Defendant with time served while in custody awaiting the VOP hearing.

3. On January 30, 2014, Defendant was arrested on new charges of Drug Dealing in case number 1401017608 and was thereafter committed to the Department of Correction.[6] Defendant signed a waiver of indictment on the new charges,[7] and on April 2, 2014, pursuant to a Plea Agreement, Defendant pled guilty to Drug Dealing and to violating the terms of his probation by committing a new criminal offense.[8] In the Plea Agreement, the State agreed to recommend a presentence investigation and to cap its recommendation to 10 years at Level 5. Defendant agreed that he is an habitual offender pursuant to 11 *Del. C.* § 4214(a).

4. On September 25, 2014 Defendant filed a notice of appeal for the November 6, 2013 sentencing order modification that credited Defendant with time he served at Level 5 while awaiting a VOP hearing.[9] The Clerk issued a notice to Defendant to show cause why the appeal should not be dismissed for his failure to file his notice of appeal within 30 days of order, and on October 20, 2014, the Supreme Court issued an order dismissing Defendant's appeal because he failed to respond to the notice to show cause within the required ten-day period.[10]

---

[6] Case 1, D.I. 20–23.
[7] Case 2, D.I. 2.
[8] Case 2, D.I. 3.
[9] *Hubbard v. State*, 103 A.3d 514 (Del. 2014).
[10] *Id.*

2

5. On April 17, 2015, Defendant was declared an habitual offender under § 4214(a) and sentenced to 2 years at Level 5 for Drug Dealing.[11] For his VOP conviction, Defendant was sentenced to 8 years at Level 5, with credit for 72 days previously served, suspended after 7 years at Level 5 for time at Level 4, followed by Level 3.[12]

6. On May 19, 2016, Defendant filed the instant *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. Defendant raises sixteen grounds for relief relating to the November 6, 2013 VOP proceeding, the November 6, 2013 sentence modification, and the 2014 VOP proceedings and guilty plea. Defendant's alleged grounds for relief are summarized as follows: (1) ineffective assistance of counsel; (2) appeal of November 6, 2013 sentence modification should not have been deemed moot/time barred; (3) coerced guilty plea; (4) double jeopardy; (5) judicial misconduct occurred when "earned compliance credit was not applied to movants 2012 probation sentence" and Defendant "was not given credit for all [Level 5] time served in 2012;" (6) Fourth Amendment constitutional violations; (7) illegal plea agreement; (8) Superior Court erred in its discretion at the 2013 VOP proceeding and at 2015 sentencing; (9) Superior Court was biased because of Defendant's previous convictions; (10) Superior Court lacked jurisdiction over Defendant to sentence him on the VOP;

---

[11] Case 2, D.I. 19.
[12] Case 1, D.I. 33.

3

(11) November 6, 2013 sentence modification was in excess of statutory limits; (12) original 2012 probation sentence illegally "interrupted" by invalid VOP; (13) unconstitutional seizure of Defendant's money; (14) judicial impropriety; (15) unconstitutional search and seizure after 2014 arrest; and (16) unconstitutional warrantless search of Defendant's vehicle.

7. Before addressing the merits of any claim for postconviction relief, the Court must first determine whether any of the procedural bars under Rule 61 are applicable.[13] Rule 61(i)(1) provides that a motion for postconviction relief is untimely if it is filed more than one year after a judgment of conviction is final, unless the motion asserts a newly recognized, retroactively applied right. Under Rule 61(i)(2) successive motions are prohibited unless the pleading requirements of Rule 61(d)(2)(i) or (ii) are met. Rule 61(i)(3) bars consideration of any ground for relief "not asserted in the proceedings leading to the judgment of conviction," unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights." Rule 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case.

8. If a procedural bar exists, the Court will not consider the merits of the claims unless the defendant can show that an exception found in Rule 61(i)(5) applies. Rule 61(i)(5) provides that consideration of otherwise procedurally barred

---

[13] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

4

claims is limited to claims that the Court lacked jurisdiction, or claims that satisfy the pleading requirements set forth in Rule 61(d)(2)(i) and (ii).[14]

9. As an initial matter, Ground 10 asserts that the Court lacked jurisdiction to adjudicate Defendant's 2014 VOP or to sentence him on that charge. Thus, consideration of Ground 10 is permissible under Rule 61(i)(5) notwithstanding the applicability of any other procedural bar. Defendant's allegation of lack of jurisdiction relates to his argument that the Court improperly continued Defendant on his original probation sentence following the November 6, 2013 VOP proceeding where Defendant was found not in violation of probation. The Court had jurisdiction to conduct the 2013 VOP proceeding and to modify Defendant's sentence to credit Defendant with time served while awaiting adjudication of an alleged VOP.[15] Defendant continued serving his previously imposed Level 3 sentence following the November 6, 2013 VOP proceeding, and Defendant's sentence was modified solely to credit Defendant with time served. No Level 5 time that was previously suspended was reimposed. Because Defendant was still

_____

[14] Rule 61(d)(2)(i) and (ii) require that the Rule 61 Motion either: (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction invalid.

[15] 11 *Del. C.* § 2701(c) ("The Superior Court shall have jurisdiction, original and concurrent, over all crimes, except where jurisdiction is exclusively vested in another court."); 11 *Del. C.* § 2701(e) ("The jurisdiction conferred by this section to hear, try and finally determine prosecutions of a crime or offense includes the power to issue all process and to conduct such proceedings as may be necessary or appropriate for the complete exercise of such jurisdiction.").

serving his original Level 3 sentence when he committed the acts underlying the 2014 VOP,[16] Defendant's allegation of lack of jurisdiction is without merit.

10. Although phrased differently, Ground 12 also challenges the validity of Defendant's continuance on probation following the November 6, 2013 VOP proceedings, and consequently, the Court's authority to convict Defendant for a VOP in the 2014 VOP proceedings. For the reasons discussed in relation to Ground 10, Ground 12 is also without merit.

11. Ground 1 alleges that Defendant received ineffective assistance of counsel when counsel did not assert Defendant's argument in the 2014 VOP proceedings that his probation sentence had expired and therefore new charges could not result in a VOP. Consideration of Ground 1 is time-barred by Rule 61(i)(1) because it relates to the proceedings leading to the VOP conviction, and Defendant's Rule 61 motion was filed more than a year after the 2014 VOP conviction was made final.[17] Consideration is not warranted under any of the Rule 61(i)(5) exceptions.

12. In Ground 2, Defendant argues that the Supreme Court should not have dismissed Defendant's appeal of the November 6, 2013 sentence order for failing

---

[16] *Moody v. State*, 988 A.2d 451, 454 (Del. 2010) ("[T]he date of the violation is the controlling factor in a challenge to a VOP hearing." (citing *Haines v. State*, 2002 WL 243324, at *1 (Del. Feb. 13, 2002))).

[17] A judgment of conviction is final under Rule 61 30 days after the imposition of sentence as long as the defendant does not file a direct appeal. Super. Ct. Crim. R. 61(m). Defendant was sentenced on the 2014 VOP on April 17, 2015, and the instant Motion for Postconviction Relief was filed on May 19, 2016.

to show cause why his untimely appeal should not be dismissed. Rule 61 "governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction . . . on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction."[18] Rule 61 is not the proper vehicle to contest the Supreme Court's appellate decisions.

13. In Ground 3, Defendant argues that he was coerced by counsel into pleading guilty to the 2014 VOP. Defendant's counsel for the 2014 guilty plea hearing withdrew as counsel on February 6, 2015,[19] and the Court ordered new counsel to be appointed on February 9, 2015, for the purpose of representation at sentencing.[20] Defendant did not move to withdraw his guilty plea at any time before the April 17, 2015 sentencing. Consideration of Ground 3 barred by Rule 61(i)(1) as untimely. Consideration is not warranted under any of the Rule 61(i)(5) exceptions.

14. In Ground 4, Defendant argues that the Court erred in during the November 6, 2013 VOP hearing when the Court continued Defendant on his previously imposed probation, and therefore, the 2014 VOP proceedings were tainted by a double jeopardy violation. To the extent that Defendant's "double

---

[18] Super. Ct. Crim. R. 61(a)(1).
[19] Case 2, D.I. 16.
[20] Case 2, D.I. 15.

jeopardy" argument goes to jurisdiction, it is without merit. As discussed above in relation to Ground 10, the Court did not err when it issued a sentence modification to credit Defendant with time served following the 2013 VOP hearing; therefore, the 2014 VOP proceedings were proper because Defendant was still serving his original Level 3 sentence when he committed the 2014 VOP. Except for any relation to jurisdiction, consideration of Ground 4 is barred by Rule 61(i)(1) as untimely and by Rule 61(i)(3) because Defendant did not argue double jeopardy in the 2014 VOP proceedings leading to the VOP conviction and because Defendant has not established cause to relieve the procedural default or prejudice. Consideration is not warranted under any of the Rule 61(i)(5) exceptions.

15. In Ground 5, Defendant argues that judicial misconduct occurred when "earned compliance credit was not applied to movants 2012 probation sentence" and Defendant "was not given credit for all [Level 5] time served in 2012." This allegation does not implicate the validity of the proceedings leading to a judgment of conviction, and therefore, Rule 61 is not the proper vehicle for Defendant's claim.

16. In Grounds 6, 13, 15, and 16, Defendant alleges various Fourth Amendment violations relating to his 2014 VOP conviction. These claims are barred by Rule 61(i)(1) as untimely. These are also barred by Rule 61(i)(3) because they were not asserted in the proceedings leading to the judgment of

8

conviction, and Defendant waived the right to move to suppress when he entered a guilty plea.[21] Consideration is not warranted under any of the Rule 61(i)(5) exceptions.

17. In Ground 7, Defendant alleges that the State knowingly entered into an illegal plea agreement "for the [sole] purpose of declaring movant an habitual offender." Ground 7 is barred by Rule 61(i)(1) as untimely. Ground 7 is also barred by Rule 61(i)(3) because Defendant did not challenge his eligibility to be sentenced as an habitual offender in the proceedings leading to the judgment of conviction, and Defendant waived his right to challenge his status as an habitual offender when he agreed that he was an habitual offender under § 4214(a) in his Plea Agreement. Consideration is not warranted under any of the Rule 61(i)(5) exceptions.

18. Grounds 8 and 14 allege—without any clarifying detail—that the Court erred. In Ground 8, Defendant states that the Court "erred in its discretion or the lack thereof" at the November 6, 2013 VOP proceeding and at the April 17, 2015 sentencing. In Ground 14, Defendant alleges "impropriety" against the Court, and Defendant states that this impropriety has "work[ed] against the movant, fair play, and against the interest of justice." Neither Ground 8 nor Ground 14 sets forth an

---

[21] Case 2, D.I. 3; *Scarborough v. State*, 119 A.3d 43 (Del. 2015) ("It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, 'even those of constitutional dimensions.'").

argument that can be addressed. To the extent that either Ground 8 or Ground 14 does set forth an argument that can be addressed, it is duplicative of arguments set forth in Defendant's other alleged grounds for relief.

19. In Ground 9, Defendant argues that the Court was biased against him because of Defendant's criminal history and argues that the Court exhibited a closed mind. Although framed by Defendant as an allegation of bias, the pith of Defendant's argument relates to the alleged invalidity of the 2014 VOP proceedings. According to Defendant, the Court did not "catch its error" regarding the legality of Defendant's sentence. The validity of the 2014 VOP proceedings was addressed in relation to Ground 10, Defendant's allegation of lack of jurisdiction.

20. In Ground 11, Defendant argues that the "2013 VOP sentence" was in excess of statutory limits.[22] This allegation does not implicate the validity of the proceedings leading to a judgment of conviction, and therefore, Rule 61 is not the proper vehicle for Defendant's claim.[23]

---

[22] Defendant was not sentenced at the 2013 VOP hearing because Defendant was not found in violation of probation. His sentence was modified solely to credit Defendant with time served.
[23] Super. Ct. Crim. R. 35(a) (providing for correction of illegal sentences).

**NOW THEREFORE**, for the foregoing reasons, Defendant's Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge