IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DUSTIN M. WOLFORD, | § | |
| | § | No. 345, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1108016428 |
| | § | 1209017309 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 23, 2016
Decided: October 25, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 25th day of October 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     On December 5, 2011, the appellant, Dustin M. Wolford, pled guilty to Burglary in the Third Degree and was sentenced to three years at Level V, suspended for probation.  On January 7, 2013, Wolford pled guilty to Possession of Child Pornography and was sentenced to three years at Level V, suspended for probation.  Burglary in the Third Degree and Possession of Child Pornography are

both class F felonies.[1]  The statutory maximum for a class F felony is three years in prison.[2]

(2)     On June 27, 2014, Wolford was convicted of violation of probation ("VOP") and was sentenced, under 11 *Del. C.* § 4204(k), to a total of four years in prison, two years for Burglary in the Third Degree (hereinafter "burglary") and two years for Possession of Child Pornography (hereinafter "child pornography").  It was Wolford's fourth VOP in the burglary case and his second VOP in the child pornography case.  Under § 4204(k), Wolford is required to serve both two-year VOP sentences without any "form of reduction or diminution of sentence" such as good time credits.[3]

(3)     On May 16, 2016, Wolford filed a motion for correction of sentence under Superior Court Criminal Rule 35(a).  By order dated June 3, 2016, the Superior Court denied the motion.  This appeal followed.

(4)     On appeal, observing that 11 *Del. C.* § 4204(k) can be applied only to sentences of one year or less or to sentences imposing the statutory maximum,[4] Wolford contends that the two-year VOP sentences for burglary and child

---

[1] 11 *Del. C.* § § 824, 1111.

[2] 11 *Del. C.* § 4205(b)(6).

[3] 11 *Del. C.* § 4204(k)(1).

[4] *See* 11 *Del. C.* § 4204(k)(3) ("The provisions of this subsection shall be applicable only to sentences of imprisonment at Level V for 1 year or less, or to sentences of imprisonment at Level V which are equal to the statutory maximum Level V sentence available for the crime or offense.").

pornography in his case do not fit that criteria. According to Wolford, the Superior Court must either reduce the two-year sentences to one year each or remove the § 4204(k) restriction from the sentences. Wolford's claim is without merit.

(5) As previously noted, Burglary in the Third Degree and Possession of Child Pornography are both class F felonies for which the maximum penalty is three years at Level V.[5] In this case, Wolford was originally sentenced to three years at Level V, suspended for probation, for both burglary and child pornography. When sentencing Wolford on the June 27, 2014 VOP, the Superior Court properly applied § 4204(k) to the Level V time remaining on each of those sentences.[6]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] *Supra* notes 1, 2.

[6] *See Ingram v. State*, 567 A.2d 868, 869 (Del. 1989) (ruling that, on a VOP, the Superior Court can impose § 4204(k) on the re-imposition of the original term of imprisonment); *see also Owens v. State*, 2013 WL 6536758, at *2 (Del. Dec. 9, 2013) ("Read together, subsections 4204(k)(1) and (3) allow a trial court to suspend a portion of the maximum sentence and refuse to award specified benefits that would effectively diminish the unsuspended portion of the sentence.").