IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN L. WOODS, | § | |
| | § | No. 544, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1610013390 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 22, 2018
Decided: April 5, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

(1)    The appellant, Kevin L. Woods, filed this appeal from the sentence imposed by the Superior Court on December 8, 2017, on his second violation of probation ("VOP").[1] On appeal, Woods contends that the sentence is "excessive." The appellee, State of Delaware, has filed a motion to affirm the Superior Court's judgment because it is clear on the face of Woods' opening brief that the appeal is without merit. We agree and affirm.

(2)    Woods' original sentence was imposed on January 12, 2017, following his guilty plea on the charge of Failure to Properly Report as a Registered Sex

---

[1] The sentence imposed on December 8, 2017 was made effective November 24, 2017.

Offender. The Superior Court sentenced Woods to two years of Level V incarceration, suspended after sixty days, followed by one year of probation.[2]

(3)     In October and December 2017, Woods was found guilty of violating his probation and was re-sentenced. For the first VOP, the Superior Court sentenced Woods, on October 9, 2017, to one year and ten months of Level V incarceration, immediately suspended for sixty days at the Level IV Sussex VOP Center, followed by one year of probation.[3] For the second VOP, the court sentenced Woods, on December 8, 2017, to one year and seven months of Level V incarceration, suspended after six months served in its entirety under 11 *Del. C.* § 4204(k), followed by one year of probation.[4]

(4)     On appeal, our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[5] When sentencing a defendant on a second or successive VOP, the Superior Court is authorized to impose any period of incarceration—up to and including the balance of incarceration remaining on the original sentence[6]—as long

---

[2] The January 12, 2017 sentence was made effective October 28, 2016.

[3] The October 9, 2017 sentence was made effective September 5, 2017.

[4] 11 *Del. C.* § 4204(k)(1) ("[T]he court may direct as a condition to a sentence of imprisonment to be served at Level V . . . that all or a specified portion of said sentence shall be served without benefit of any form of early release, good time, furlough, work release, supervised custody or any other form of reduction or diminution of sentence.").

[5] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

[6] 11 *Del. C.* § 4334(c).

as the defendant is given credit for all incarceration previously served,[7] and the subsequent sentence does not exceed a term left suspended by the prior sentence.[8]

(5) In this case, Woods does not allege—and the record does not reflect—that the sentence imposed on December 8, 2017 for his second VOP exceeded statutory limits. Requiring Woods to serve the six months of unsuspended incarceration in its entirety was authorized by statute and was a proper use of the Superior Court's discretion.[9] Also, the sentence properly included the time-served credit to which Woods was entitled and did not impose incarceration in excess of what was suspended in the sentence imposed for his first VOP.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[7] *See Thompson v. State*, 2016 WL 6084017 (Del. Oct. 17, 2016) (citing 11 *Del. C.* § 3901(c)).
[8] *Pavulak v. State*, 880 A.2d 1044 (Del. 2005).
[9] *Ingram v. State*, 567 A.2d 868, 869–70 (Del. 1989) (holding that incarceration imposed under 11 *Del. C.* § 4204(k) in a VOP sentence does not constitute an increase in sentence and does not conflict with the terms of 11 *Del. C.* § 4334(c)).