IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| NICHOLAS C. BOYCE, | § |
| | § No. 343, 2025 |
| Defendant Below, | § |
| Appellant, | § Court Below—Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § Crim. ID No. 1911011368 (K) |
| STATE OF DELAWARE, | § |
| | § |
| Appellee. | § |

Submitted: November 25, 2025
Decided: January 15, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of the appellant's opening brief, the State's motion to affirm, the appellant's motion for leave to reply, and the record on appeal, it appears to the Court that:

(1)   The appellant, Nicholas C. Boyce, filed this appeal from the Superior Court's order, dated July 29, 2025, denying his motion for correction of an illegal sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Boyce's opening brief that his appeal is without merit. We agree and affirm.

(2)   In 2021, Boyce pleaded guilty to third-degree burglary and theft of $1,500 or more. The Superior Court sentenced him as follows:   for third-degree

burglary, three years of imprisonment with credit for six days previously served, suspended for one year at Level III probation; for theft of $1,500 or more, two years of imprisonment, suspended for one year of Level III probation.  Since then, Boyce has been found in violation of probation ("VOP") several times.  Most recently, on April 4, 2025, the Superior Court found that Boyce had violated probation and sentenced him as follows:  for third-degree burglary, one year, two months, and four days at Level V, suspended after one year for one year of Level III probation with GPS monitoring; and for theft, two years at Level V, suspended after one year for one year of Level III probation with GPS monitoring.  The court ordered that the Level V time for each offense is to be served under 11 *Del. C*. § 4204(k).

(3)	Boyce did not appeal from the VOP adjudication and sentence.  In July 2025, however, he filed a motion for correction of illegal sentence.  The Superior Court denied the motion on the grounds that it was barred by the ninety-day time limitation in Delaware Superior Court Rule of Criminal Procedure 35(b).  Boyce has appealed to this Court.

(4)	We review the denial of a motion for sentence correction for abuse of discretion.[1]  To the extent the claim involves a question of law, we review the claim *de novo*.[2]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy,

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Id.*

2

is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

(5) Boyce contends that the Superior Court illegally enhanced his sentence by requiring that the nonsuspended portion of the VOP sentence be served day-for-day under Section 4204(k).[4] As to this claim, we agree with Boyce that the Superior Court erroneously denied his motion as time-barred. A motion for correction of an illegal sentence is not subject to the time limitation in Rule 35(b).[5] Nevertheless, we affirm the Superior Court's denial of Boyce's motion on the basis that the Superior Court's imposition of the Section 4204(k) requirement did not make the sentence illegal.[6]

(6) When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[7] This Court has held that when the Superior Court reimposes a suspended sentence or portion thereof following a VOP, the court

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[4] *See* 11 *Del. C.* § 4204(k)(1) ("[T]he court may direct as a condition to a sentence of imprisonment to be served at Level V or otherwise that all or a specified portion of said sentence shall be served without benefit of any form of early release, good time, furlough, work release, supervised custody or any other form of reduction or diminution of sentence.").
[5] *See* DEL. SUPER. CT. R. CRIM. PROC. 35(a) ("The court may correct an illegal sentence at any time . . . .").
[6] *See Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (stating that "this Court may affirm on the basis of a different rationale than that which was articulated by the trial court").
[7] 11 *Del. C.* § 4334(c).

may require that the sentence be served under Section 4204(k).[8]  The Superior Court did not illegally enhance Boyce's sentence by requiring that he serve it day-for-day, where the nonsuspended portion of the new VOP sentence did not exceed the term left suspended in Boyce's previous sentence.[9]

(7)  Boyce also argues that his sentence violates 11 *Del. C.* § 3901(d) because the Superior Court did not state on the record at sentencing that the sentences for the two offenses would run consecutively.  Rather, the sentence order provided that the sentences are to be served consecutively.  We conclude that this claim is barred by the ninety-day time limitation in Rule 35(b).  Section 3901(d) provides that the Superior Court "shall direct whether the sentence of confinement . . . shall be made to run concurrently or consecutively with any other sentence of confinement imposed on such criminal defendant."[10]  The statute does not explicitly provide that the court must state on the record at sentencing whether the sentences are consecutive or concurrent.[11]  The VOP sentence order directed that the sentences

---

[8] *Ingram v. State*, 567 A.2d 868 (Del. 1989).

[9] *See Woods v. State*, 2018 WL 1677240, at *1 (Del. Apr. 5, 2018) (stating that VOP sentence "[r]equiring Woods to serve the six months of unsuspended incarceration in its entirety [under Section 4204(k)] was authorized by statute and was a proper use of the Superior Court's discretion," and citing *Ingram*).  On December 15, 2025, Boyce filed a motion for leave to reply to the State's motion to affirm.  The motion is granted to the extent that the Court has considered the arguments in the motion.  Boyce argues that invoking Section 4204(k) in a VOP sentence increases the original sentence without the defendant's having had notice of that possibility when his original sentence was imposed.  That argument is unavailing.  *Ingram* was decided more than three decades before Boyce committed his crimes and received his original sentence in this case.

[10] 11 *Del. C.* § 3901(d).

[11] Until 2014, consecutive sentences were the default—indeed, Section 3901(d) prohibited concurrent terms of imprisonment.  *See id.* (effective to July 8, 2014) ("No sentence of confinement

4

are to be served consecutively, and Boyce did not appeal from the imposition of the sentence. Boyce's contention amounts to a claim that the sentence was imposed in an illegal manner, which was required to be raised within ninety days of sentencing.[12] Boyce has not identified extraordinary circumstances warranting consideration of this claim outside the ninety-day period.[13]

(8) Finally, Boyce contends that he should have received credit for time that he served at Level V and Level IV on charges that were dismissed. Because Boyce did not raise this issue in his motion in the Superior Court, the record as to the issue is not developed and we are unable to review this claim.[14] In any event, "[u]nder Delaware law, the sentencing judge has no obligation to credit a defendant with more time than the defendant has served on the specific case,"[15] and Boyce

---

of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant.").

[12] *Cf. Richmond v. State*, 2022 WL 2276282, at *2 (Del. June 22, 2022) (stating that a sentence is not illegal because it exceeds sentencing guidelines, and holding that a claim that the sentencing judge did not state on the record the reasons for an upward departure from the guidelines, as required by 11 *Del. C.* § 4204(n), was a claim that the sentence was imposed in an illegal manner, and therefore subject to the ninety-day time limitation in Rule 35(b)). Unlike Section 3901(d), 11 *Del. C.* § 4204(n) explicitly provides that "[w]henever a court imposes a sentence inconsistent with the presumptive sentences adopted by the Sentencing Accountability Commission, such court shall set forth *on the record* its reasons for imposing such penalty," 11 *Del. C.* § 4204(n) (emphasis added), yet the sentencing judge's failure to do so does not render the sentence illegal.

[13] *See Richmond*, 2022 WL 2276282, at *2 ("Absent extraordinary circumstances, which Richmond has not identified, his motion was untimely.").

[14] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review . . . .").

[15] *Medley v. State*, 281 A.3d 29, 33 (Del. 2022).

does not claim that his VOP sentence did not give him credit for time served on the third-degree burglary and theft offenses at issue in this case.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/Karen L. Valihura*
Justice